### Reuben Draper *vs*. Dexter Baker.

An assignment of dower, by the judge of probate, of lands under mortgage, is valid against an heir who consents in writing, the mortgagee making no objection, although such heir also claims under an assignment from such mortgagee.

In an action of trespass *quare clausum*, the defendant justified under a license from Hannah Draper, who claimed to be rightfully in possession of the premises, as tenant in dower.

At the trial in the court of common pleas, June term 1851, before *Mellen*, J. it was admitted that the acts complained of, were done by the defendant, and the defence was, that he acted as the servant, and by the order of Hannah Draper, who claimed to be tenant in dower of the *locus in quo*. It was agreed, that in the year 1822, Enoch Draper died intestate, seised and possessed of real estate in Dover and Natick, consisting of about one hundred and eighty acres of land with a dwelling-house, &c., thereon, part of which was subject to a mortgage given by him in 1820, to John Hopkins, to secure the payment of $1,500. The *locus in quo* was covered by this mortgage. The mortgage deed contained a release of dower by Hannah Draper, his wife. Said Enoch Draper died in 1822, and left four children who were his only heirs at law. In June, 1822, dower in the real estate of said deceased, was assigned to his widow, the said Hannah, by three commissioners, under a warrant in common form, issued by the judge of probate for this county. The warrant, with the return of said commissioners thereon, was returned to the probate office, by which it appears that said commissioners appraised the whole real estate at $3,800, without deducting said mortgage, and set off to the widow one third in value of said $3,800; and at a probate court, the return was accepted, and dower decreed by the judge of probate. On the day of the date of the return of said commissioners the plaintiff and the three other heirs at law of said Enoch, being of the age of twenty-one years, signed the following certificate, viz: " Natick, June 21, 1822. The undersigned, heirs at law

of the estate of Enoch Draper, late of Natick, deceased, yeo-man, having examined the setting off the thirds in our late father's estate, feel satisfied with the same." From the date of said certificate down to a time subsequent to the commencement of this action, the said Hannah resided in and occupied that part of the dwelling-house of said deceased, which was assigned to her in dower as before stated. On the 13th of April, 1825, the said mortgage to Hopkins being due and in full force, the said Hannah, and the plaintiff and other heirs of the said deceased, signed a certificate, acknowledging that said Hopkins had on that day taken open and peaceable possession of the mortgaged premises for breach of condition, and to foreclose the right of redemption. The said Hannah and heirs, however, retained the actual possession and occupancy of the mortgaged premises, notwithstanding such entry by the mortgagee, but as his tenants. On the 13th of July, 1827, the said Hopkins, by deed duly executed and recorded, assigned to the plaintiff the said mortgaged premises and all his right, title, and interest in and to the same, and to said mortgage. On the 28th of June, 1827, the brother and two sisters of the plaintiff, by their deed duly executed and recorded, released to the plaintiff all their right, title, and interest in all the real estate of their late father, Enoch Draper. This deed contained the following clause, viz: " Subject to the dower of our mother, the widow Hannah Draper, in said parcels of land, the right in reversion to which, is hereby conveyed. The plaintiff, by his deed dated July 24, and recorded the 25th of July, 1827, conveyed the same premises, which were described in the deed from his brother and sisters, to Lucy Ann Derby in fee and in mortgage, to secure the payment of $1,800. This deed contained the following clause, viz: " Subject only to any right of dower, my mother, the widow Hannah Draper, may have in said premises, the right in reversion to which is hereby conveyed."

Upon the above facts, the presiding judge ruled that the plaintiff could not recover, and ordered a verdict for the defendant. The plaintiff excepted.

*J. G. Abbott*, for the plaintiff.

*E. Buttrick,* for the defendant.

SHAW, C. J.   The court are of opinion, that this assign-
ment of dower, by the judge of probate, with the consent of
the heirs, as the law was in 1825, was not void, although the
premises were then subject to an outstanding mortgage, upon
which the mortgagee had not entered.   In the early case of
*Sheafe* v. *O'Neil,* 9 Mass. 9, it was considered that the judge
of probate, in certain cases, might assign dower, where the
heirs only are concerned, though it could not affect a mort-
gagee.   The case of *Raynham* v. *Wilmarth,* 13 Met. 414, was
a case between the mortgagee and the widow.   As against
the mortgagee, the mortgagor is not seised, and the husband
not having died seised as against the mortgagee, the decree
of the judge of probate cannot affect them.   But in *Margaret
Henry's case,* 4 Cush. 257, the subject, we think, is put on its
right footing.   There it was held that a mortgagor in posses-
sion has such title and seisin, that a widow may have dower
in the estate, subject, of course, to the mortgage : she takes
such a title that she may redeem, and thereby make her as-
signment of dower good.

In the present case, the dower was assigned under the law
as it stood before the revised statutes.   A formal assignment
of dower was made by the judge of probate, and this was
confirmed by an instrument, signed by all the heirs and filed
in the registry.   It being well settled, that dower may be
assigned by heirs, by parol, without a deed, *à fortiori,* this
assignment was made good as against the heirs by that act.
This was not a mere gratuitous act on their part.   Having by
this assignment exempted the residue of their inheritance
from liability for dower, the assignment was made for valua-
ble consideration, and we think they are estopped by it, to
deny the validity of that assignment.

Still, this could not affect the mortgagee, and unless the
mortgage had been redeemed within the three years, it might
have been foreclosed.   But within the time, an assignment
was made by the mortgagee to the plaintiff, who was one of
these heirs and assignors of dower.   That he and the other
heirs considered themselves so estopped and were so, is con-

firmed by the deed of the three co-heirs given to the plaintiff, releasing to him all their interest in the mortgaged premises, but reserving and excepting the dower to their mother, yet transferring to her the reversion expectant upon the termination of her life-estate. His acceptance of that deed was an affirmance of the estoppel.

*Judgment on the verdict for the defendant.*